#### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF CHESHIRE, JULY TERM,

### A. D. 1833.

## SOLOMON RANDALL, *versus* THE PROPRIETORS OF THE CHESHIRE TURNPIKE.

Where a bridge, upon a turnpike road, becomes unsafe from the gradual decay of the timbers, and there is no open and visible danger in passing, the owners of the road are responsible for the sufficiency of the bridge, so long as they continue to take toll and keep the road open to the public, although notice is given, to those who pass, that there is danger.

CASE, for damages sustained by the plaintiff, in falling, with his horses and waggon, through a bridge which the defendants were bound to keep in repair—which damages were alleged to have happened through want of repair in the bridge.

The cause was tried at October term, 1832, upon the general issue. It was admitted, that the defendants were a corporation, owning the Turnpike between Charlestown and Keene, authorized to take toll, and, by law, liable for all damages sustained, by reason of any want of repairs in the road. It was also admitted, that there was a bridge, which had wanted repairs for two or three years before the 11th October, 1831, and which many people considered dangerous to pass with a heavy load. It appeared that, on the said 11th October, the plaintiff was passing the road with a very heavy load upon a waggon drawn by five horses—that before he came to the bridge he was told, by one of the members of the corporation, that the bridge was not safe, and that he had better go another way, but the plaintiff said that heavier loads than his passed, and he went on. In passing the bridge the waggon and two of the horses fell through, and were injured.

It appeared that the road was kept open, and toll taken, at the time the accident happened.

On the part of the corporation it was contended, that, as the plaintiff had notice, and must have known that there was danger in passing the bridge with a heavy load, he passed at his own risk, and the corporation was not liable. But the court instructed the jury, that, as the defect resulted from gradual decay of the timbers of the bridge, and it had been generally known for two or three years that there was danger, so long as the corporation kept the road open for publick use and received toll, so long they were responsible for the sufficiency of the road; that it was not enough to give notice of danger in order to exonerate themselves; they were bound to inform those who passed that there was danger for which they would not be responsible, and to have refused to take toll. The jury, having returned a verdict for the plaintiff, the defendants moved for a new trial, on the ground that the jury were misdirected.

*Wilson*, for the plaintiff.

*Hubbard*, for the defendants.

We contend that notice to the plaintiff, that the bridge was unsafe, was equivalent to notice that he must pass at his own risk. There was no set form of words necessary.

It was not necessary that there should be a refusal to take toll. If the plaintiff chose to pass over such a road and bridge as existed, knowing their situation, and to pay the toll rather than take another road, the taking of the toll could make no difference, as to the liability of the defendants after the caution was given.

It should at least have been left to the jury, as a matter of fact, whether the plaintiff had not notice that the bridge was dangerous. If the notice amounted to that, the corporation were no more liable than they would have been had the bridge been visibly dangerous, and the plaintiff aware of the fact.

The liability of the defendants can in no way depend upon the fact that the defect arose from gradual decay.

There was nothing in the nature of the case which required, or authorized, the corporation to stop up the road, as the bridge was safe for light carriages, but not for the extraordinary load of the plaintiff.

If, after the notice given, the plaintiff examined for himself he manifestly undertook to judge for himself, after notice given, and should abide by his own conclusion.

If, after the notice given, he undertook to pass without any examination, there was a want of ordinary care on his part, and the action, for that reason, cannot be maintained.

We cite 2 N. H. Rep. 394, *Farnum* v. *Concord* ; 5 Pick. Rep. 190, *Thompson* v. *Bridgewater* ; 2 Pick. 621, *Smith* v. *Smith* ; 6 Cowen, 191, *Harlow* v. *Humiston* ; 11 East, 60, *Butterfield* v. *Forrester* ; 2 Taunt. 314, *Flown* v. *Adam* ; 3 Starkie's Ev. 986.

*By the court\**. We have attentively considered this

*PARKER, J., having been of counsel, did not sit.

case, and are of opinion that the directions given to the jury were correct. Wherever, in these cases, the danger results from gradual decay, and is not open and visible to all, the corporation is responsible so long as they take toll. It is not enough that they give notice that there is danger. In order to exonerate themselves, they must give notice that there is danger for which they will not be answerable, and must refuse to take toll.

*Judgment on the verdict.*